# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8604 | **DATE** | December 21, 2011 |
| **CASE TITLE** | *Perry v. Mercy Housing* | | |

**DOCKET ENTRY TEXT:**

Mr. Perry's motion for leave to proceed in forma pauperis [#4] is granted, his motion for appointment of counsel [#5] is denied, and his complaint is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

■[ For further details see text below.]  Docketing to Mail Notices.

## STATEMENT

    Pro se plaintiff Terrence Perry seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim or the court lacks jurisdiction. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because Mr. Perry is proceeding pro se, the court has construed his filings liberally.

    With respect to his fee status, the motion for leave to proceed in forma pauperis is granted as Mr. Perry has established that he is financially eligible for this relief. Mr. Perry also requests that the court appoint counsel. Civil litigants do not have a right, either constitutional or statutory, to counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The court may nevertheless, in the exercise of its discretion, request counsel to represent indigents in appropriate cases. *Id*. A litigant who seeks appointment of counsel must first, as a threshold matter, make a reasonable attempt to secure private counsel. *Id*. If a litigant satisfies this burden, the court should consider the following nonexhaustive list of factors: "(1) the merits of the plaintiff's claims; (2) whether the plaintiff can investigate crucial facts; (3) whether trained counsel will better expose the truth; (4) the plaintiff's ability to present the case; and (5) the complexity of the relevant legal issues." *Id*. In essence, this inquiry boils down to the simple question, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make]

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

a difference in the outcome?" *Id*. The court finds that Mr. Perry sufficiently articulated the facts that form the basis of his claims and, therefore, in the exercise of its discretion, denies the motion for appointment of counsel.

The court thus turns to the allegations in the complaint. Mr. Perry alleges that he resides at the South Loop Apartments, 1521 South Wabash Street, Chicago, which is managed by Mercy Housing. Mercy Housing appears to be a non-profit organization that develops, finances, and operates affordable housing and supportive programs. Mr. Perry's complaint focuses on three areas. First, he asserts that his lease was violated when unspecified people entered his apartment without permission. Those people engaged in "potential theft and or planted criminal materials particularly illegal substances – illegal firearms." Complaint at ¶ 7. In response to the inquiry on the complaint form stating "Plaintiff was charged with one or more crimes, specifically: [fill in the blank]," Mr. Perry responded, "None!" *Id*. at ¶ 8. He also alleges that Tyra Young, Percie Wilkens, and Head Janitor Joe (all presumably Mercy Housing employees) entered his unit and "moved things around." *Id*. at ¶ 10.

Second, Mr. Perry contends that the building management are liable for conspiracy because they eavesdropped on him and had other tenants do so. It also engaged in "sabotage of functional units" and failed to render services. *Id*. at ¶ 8.

Third, Mr. Perry asserts that he was the victim of discrimination based on his sexual orientation because other tenants inquired about his sexual orientation. He also alleges that after he complained about the inquiries, Mercy Housing staff threatened to have him evicted.

*Jurisdiction*

Mr. Perry filed suit in a federal court. A federal court has jurisdiction (*i.e.*, power) to consider disputes based on state law between citizens of different states where the amount at issue exceeds $75,000. 28 U.S.C. § 1331. This kind of jurisdiction is inapplicable as it appears that Mr. Perry and at least one defendant are Illinois citizens. The court also may consider disputes arising under federal law. 28 U.S.C. § 1331. The court must, therefore, determine whether the complaint sets forth any colorable federal claims.

*Discussion*

The court first considers Mr. Perry's claim that Mercy Housing employees entered his apartment without his permission. The Fourth Amendment to the United States Constitution governs searches. The Seventh Circuit has held that, "[t]he Fourth Amendment's purpose is to protect citizens against unreasonable searches and seizures by the government. It does not apply, however, to searches or seizures performed by private individuals." *United States v. Ginglen*, 467 F.3d 1071, 1074 (7th Cir. 2006), *citing Camara v. Mun. Court of City & County of S.F.*, 387 U.S. 523, 528 (1967) and *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). A search performed by a private individual may be actionable under the Fourth Amendment if that individual was acting as a government "instrument or agent." *Id*. This test is satisfied if "the government knew of and acquiesced in the intrusive conduct and whether the private party's purpose in conducting the search was to assist law enforcement agents or to further its own ends . . . . Other useful criteria are whether the private actor acted at the request of the government and whether the government offered the private actor a reward." *Id*. (internal citations and quotations omitted).

(continued)

| STATEMENT |
|---|

Here, the complaint focuses solely on the actions of private actors who allegedly entered Mr. Perry's apartment without permission. It thus does not state a claim under the Fourth Amendment. The allegations about private actors also cannot form the basis of a different federal constitutional claim as Mercy Housing is a private actor even if it receives federal funds. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (the receipt of federal funds is insufficient to establish that the defendant acted under color of state law, which is a necessary element of a federal constitutional claim under § 1983). Accordingly, to the extent that Mr. Perry wishes to seek relief regarding the allegedly unauthorized entry based on a state law theory, he must file suit in state court.

The court next considers Mr. Perry's contentions that management staff at his apartment building eavesdropped on him and instructed other tenants to do so, engaged in "sabotage of functional units" and failed to render services. These are all causes of action arising under state law and thus are potentially actionable in state, as opposed to federal, court.

Finally, Mr. Perry asserts that he was the victim of discrimination based on his sexual orientation because other tenants inquired about his sexual orientation. He also alleges that after he complained about the inquiries, Mercy Housing staff threatened to have him evicted. Section 5–8–030 of the City of Chicago's Municipal Code provides that:

> It shall be an unfair housing practice and unlawful for any owner, lessee, sublessee, assignee, managing agent, condominium association board of managers, governing body of a cooperative, or other person, firm or corporation having the right to sell, rent, lease, sublease, or establish rules or policies for any housing accommodation, within the City of Chicago, or any agent of any of these, or any real estate broker licensed as such:
>
> A. To make any distinction, discrimination or restriction against any person in the price, terms, conditions or privileges of any kind relating to the sale, rental, lease or occupancy of any real estate used for residential purposes in the City of Chicago or in the furnishing of any facilities or services in connection therewith, predicated upon the race, color, sex, gender identity, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military discharge status or source of income of the prospective or actual buyer or tenant thereof ....

A cause of action arising under a City of Chicago ordinance does not arise under federal law. A federal court, therefore, lacks jurisdiction to consider any claim that the defendants in this case violated § 5–8–030.

Mr. Perry is a tenant in his apartment building. Title VII, a federal statute addressing employment discrimination, does not prohibit discrimination on account of sexual orientation, *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007), and in any event is inapplicable to a landlord-tenant dispute. State laws regarding sexual orientation discrimination in the employment context are similarly inapplicable to a landlord-tenant dispute and, in any event, are not actionable in federal court unless diversity jurisdiction is proper as they do not raise a question of federal law. *See Powell v. City of Chicago Human Rights Com'n*, 389 Ill.App.3d 45, 52 n.2 (1st Dist. 2009) (the Illinois Human Rights Act prohibits employment discrimination based on sexual orientation"), *citing* 775 ILCS §§ 5/2-102(A) & 5/1-103(Q).

In sum, the court recognizes that Mr. Perry is very dissatisfied with actions taken at his apartment building. Nevertheless, this federal forum cannot provide him with the relief that he seeks as his factual allegations do not raise a question of federal law. Thus, the complaint is dismissed for lack of jurisdiction. The court will not reach the merits of any claims based on local or state law, but notes that the dismissal for lack of jurisdiction is without prejudice to Mr. Perry's ability to pursue any such claims in the appropriate fora.